# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| CEDRIC JERMAINE MANIOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV418-031 |
| | ) | |
| CORRECT HEALTH and | ) | |
| CHATHAM COUNTY DETENTION | ) | |
| CENTER, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, Cedric Jermaine Manior brings this 42 U.S.C. § 1983 action against Correct Health and Chatham County Detention Center. The Court now screens his Complaint under 28 U.S.C. § 1915A, which requires the immediate dismissal of any claims brought by a prisoner or detainee against government entities or officials that are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief.

## I.   BACKGROUND[1]

Cedric Manior, who is detained at Chatham County Detention Center, contends that after he reported being bitten by a spider on his arm it took five days and an obvious infection to get medical treatment. Doc. 1 at 3.  He was given antibiotics and a shot, but several weeks later he became ill and lost his appetite.  *Id*. at 4.  More weeks passed until "Dr. Zimmermand" decided to lance the infection.  *Id*.  He wants $800,000 for his suffering.  *Id*.

## II.   ANALYSIS

Plaintiff advances a claim for denial of proper medical care.[2]  *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (the Constitution imposes a

---

[1]   Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr*., 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in plaintiff's Complaint are taken as true and construed in the light most favorable to him. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011).  Conclusory allegations, however, fail.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

[2]   It is unclear from the complaint whether plaintiff is a pretrial detainee or a prisoner serving a state sentence.  Although the Eighth Amendment's proscription of "cruel and unusual punishments" applies only to convicted prisoners and not to pretrial detainees, it is well settled that the due process clause of the Fourteenth Amendment guarantees detainees the same level of protection mandated by the Eighth Amendment for convicted persons. *Hamm v. DeKalb County*, 774 F.2d 1567, 1573-74 (11th Cir. 1985) ("states may not impose on pretrial detainees conditions that would violate a convicted prisoner's eighth amendment rights."). Thus, the Court will look to Eighth Amendment jurisprudence in evaluating plaintiff's prison-conditions claim.

duty upon prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care."); *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). "[N]ot every claim by a prisoner that he has not received adequate medical treatment," however, "states a violation of the Eighth Amendment." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (quotes and cite omitted). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106. A prisoner must show that: (1) he had a serious medical need; (2) defendants were deliberately indifference to that need; and (3) some injury was caused by defendants' indifference. *Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir. 2007).

"It is far from clear that a spider bite constitutes a serious medical need." *Dunham v. Adair*, 2006 WL 1936507 at *2 (N.D. Ga. July 11, 2006).[3]  But even assuming that it is, defendants did not exhibit

---

[3]  The standard for proving a "serious medical need" is quite exacting. The Court of Appeals defines it as "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Youmans v. Gagnon*, 626 F.3d 557, 564 (11th Cir. 2010), quoted in *Mitchell v. McKeithen*, 672 F. App'x 900, 903 (11th Cir. 2016) (assuming that a stroke rises to the level of a serious medical need). It is exceedingly unlikely (in the Court's view) that most free citizens seek out a medical doctor every time they are bitten or stung by a spider or some other venomous arachnid. Be that as it may, here it is unnecessary to the Court's analysis to determine whether Manior's initial injury rose to the level of a "serious medical need."

deliberate indifference to that serious need. To establish deliberate indifference a plaintiff must demonstrate that the defendant had "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." *Youmans*, 626 F.3d at 564 (quote omitted and alteration adopted); *Farmer*, 511 U.S. at 840-45 (deliberate indifference requires conscious disregard of a known, substantial risk of serious harm). Here, plaintiff's argument that he was deprived of medical care boils down to his dissatisfaction that he was not given medical treatment when he first demanded it. But he concedes that he *was* provided with antibiotics and a steroid shot when his arm became inflamed, and the infection was lanced, drained, and resolved when it persisted. Doc. 1 at 6. Plaintiff is just unhappy that the medical staff didn't take action *before* any of those more irritating symptoms materialized.

At most plaintiff is asserting that staff was negligent in its provision of medical care and that he disagreed with the treatment course provided. But the Constitution requires "deliberate indifference," a subjective mindset "more blameworthy than negligence." *Farmer*, 511 U.S. at 835 (distinguishing "deliberate indifference to serious medical

needs of prisoners" from "negligence in diagnosing or treating a medical condition"). It demands the level of recklessness required under the criminal law, the conscious disregard of an excessive risk to inmate health or safety: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff admits that once medical staff became subjectively aware of his developing problems, they took action. Doc. 1 at 3. That is certainly not deliberate indifference to his serious medical need. *Farmer*, 511 U.S. at 835-37; *Estelle*, 429 U.S. at 107 (even where medical staff's care is ineffectual or inadequate, such that a different medical decision might have "led to [an] appropriate diagnosis and treatment" for his pain, that provision of care belies "deliberate indifference"). He is displeased with the efficacy or haste of that action. Doc. 1 at 3-5. But dissatisfaction with a prescribed treatment does not rise to a constitutional violation. *Melton v. Abston*, 841 F.3d 1207, 1224 (11th Cir. 2016) (when a claim turns on the quality of treatment provided, "a simple difference in medical opinion between the prison's medical staff and the inmate as to [his] diagnosis or course of treatment does not

support a claim of deliberate indifference.") (quote and cite omitted);

*Hamm*, 774 F.2d at 1575 (deliberate indifference is not established when

an inmate receives medical care, but "may have desired different modes

of treatment."). In other words, even assuming *arguendo* that the care

provided was less than adequate, "medical malpractice does not become a

constitutional violation merely because the victim is a prisoner." *Estelle*,

429 U.S. at 104.

Though a *pro se* prisoner normally should be given an opportunity

to amend his complaint at least once, *see, e.g., Johnson v. Boyd*, 568 F.

App'x 719, 724 (11th Cir. 2014); *Duff v. Steub*, 378 F. App'x 868, 872

(11th Cir. 2010), "a district court need not allow amendment if the

amended complaint would still be subject to dismissal." *Jenkins v.*

*Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). Plaintiff's (at most)

medical negligence claim is dead on arrival, and it does not appear

amendable.[4]

## III.  CONCLUSION

---

[4]  Despite the lack of any apparent basis for viable amendment, Manior's opportunity to object to this Report and Recommendation within 14 days of service, see *infra*, affords him an opportunity to resuscitate his case. He may also submit an Amended Complaint during that period, if he believes it would cure the legal defects discussed above. *See Willis v. Darden*, 2012 WL 170163 at * 2 n.3 (S.D. Ga. Jan. 19, 2012) (citing *Smith v. Stanley*, 2011 WL 1114503 at * 1 (W.D. Mich. Jan. 19, 2011)).

Accordingly, Cedric Jermaine Manior's Complaint should be **DISMISSED**. Meanwhile, it is time for Manior to pay his filing fee. His PLRA paperwork reflects an average monthly balance of $ 26.07 and average monthly deposits of $31.31. Doc. 9. He therefore owes an initial partial filing fee of $5.21. *See* 28 U.S.C. § 1915(b) (1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall therefore set aside and remit 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this Report and Recommendation (R&R) to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event he is transferred to another institution, his present custodian shall forward a copy of this R&R and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next

institution in accordance with the terms of the payment directive portion of this Order.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this <u>  12th  </u>  day of July, 2018.

<u>                                                   </u>
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA